IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DESIREE JORDAN-PHILADELPHIA,

    Plaintiff,

v.

ATLANTA MEDICAL CENTER
WELLSTAR,

    Defendant.

CIVIL ACTION NO.
1:18-CV-01574-LMM-LTW

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff Desiree Jordan-Philadelphia ("Plaintiff"), proceeding pro se, seeks leave to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). (Doc. 1). The affidavit of poverty indicates that Plaintiff is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiff's request to proceed in forma pauperis **IS HEREBY GRANTED**. (Doc. 1). Therefore, this action shall proceed as any other civil action, and Plaintiff shall be allowed to proceed without prepayment of a filing fee.

Because Plaintiff is proceeding without paying filing fees, however, the Court shall consider the frivolity of her Complaint pursuant to 25 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides that a federal court is required to dismiss an in forma pauperis

AO 72A
(Rev.8/82)

complaint at any time if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. Dismissal for failure to state a claim is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cty., 960 F.2d 1002, 1009-10 (11th Cir. 1992). Additionally, a complaint may be dismissed if it does not contain specific factual matter, accepted as true, to state a claim that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)). Thus, a complaint, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

## PROCEDURAL BACKGROUND

This action is directly related to Jordan-Philadelphia v. Lowe and Atlanta Medical Center Wellstar, Case No. 1:16-cv-04142-LMM-LTW ("Jordan-Philadelphia I"). Plaintiff filed her initial complaint in Jordan-Philadelphia I on December 16, 2016.

(Jordan-Philadelphia I, Doc. 2). Therein, Plaintiff, who is black female from the country of Guyana, alleged defendants Atlanta Medical Center Wellstar and Pat Lowe ("defendants") discriminated against her on the basis of her race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Jordan-Philadelphia I, Doc. 2). Plaintiff also alleged the defendants retaliated against her for making internal complaints of discrimination in violation of Title VII. (Id.). In that case, Plaintiff also attached to her complaint an Equal Employment Opportunity Commission ("EEOC") charge of discrimination ("EEOC Charge") she filed against the defendants on July 27, 2016, which largely included the same allegations as those in Plaintiff's complaint. (Jordan-Philadelphia I, Doc. 2, at 11). Plaintiff also attached to her complaint an EEOC right to sue letter, which was dated August 4, 2016. (Jordan-Philadelphia I, Doc 2, at 12).[1] The right to sue letter indicated that Plaintiff's lawsuit had to be filed "**WITHIN 90 DAYS of [her] receipt of this notice**; or [her] right to sue on this charge w[ould] be lost." (Id.).

After filing her complaint with the Court on December 16, 2016, Plaintiff failed to effect service on the defendants. (See Jordan-Philadelphia I, Doc. 3). Therefore, on May 10, 2017, this Court sent Plaintiff a Show Cause Order, ordering Plaintiff to show cause as to why her complaint should not be dismissed for her failure to timely serve the defendants with her complaint. (Id.). Plaintiff was also warned that a failure to respond

---

[1] In her complaint, Plaintiff admitted she received the right to sue letter on August 9, 2016. (Jordan-Philadelphia I, Doc. 2, at 4).

to the Court's Show Cause Order within fourteen days would result in this Court recommending that her complaint be dismissed. (Id.). After Plaintiff failed to respond to the Show Cause Order, on June 12, 2017, this Court recommended that Plaintiff's Complaint be dismissed. (Jordan-Philadelphia I, Doc. 5). The District Court subsequently adopted this Court's recommendation and dismissed Plaintiff's complaint on July 5, 2017. (Jordan-Philadelphia I, Doc 7).

In the instant action, Plaintiff has filed the same Complaint she previously filed in Jordan-Philadelphia I.[2] (Doc. 1). Plaintiff has also presented this Court with the same EEOC Charge and right to sue letter, both of which were generated in 2016. (Doc. 1, at 11-12). From the face of Plaintiff's Complaint, it appears that Plaintiff's Complaint is due to be dismissed.

Before commencing a civil action, a Title VII plaintiff must first exhaust her administrative remedies, beginning with the filing of a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(b); see E.E.O.C. v. Summer Classics, Inc., 471 F. App'x 868, 869-70 (11th Cir. 2012); see also Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001); Clark v. Coats & Clark, Inc., 865 F.2d 1237, 1239 (11th Cir. 1989). After the EEOC's investigation into the charge, and upon receipt of the EEOC's notice of right to sue, a plaintiff must file a judicial complaint within ninety days. 42 U.S.C. § 2000e-5(f)(1) ("within ninety days after the giving of such notice, a civil action may

---

[2] The Court notes that in this case, however, Plaintiff did not name Pat Lowe as a Defendant. (Doc. 1-1, at 1).

be brought against the respondent named in the charge"); see Gant v. Jefferson Energy Co-op, 348 F. App'x 433, 434 (11th Cir. 2009); see also Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996).

The ninety-day deadline is strict. See Santini v. Cleveland Clinic Fla., 232 F.3d 823 (11th Cir. 2000) ("Title VII . . . actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge."); see also Norris v. Fla. Dep't of Health & Rehabilitative Servs., 730 F.2d 682, 683 (11th Cir. 1984) (rejecting as untimely a judicial complaint filed ninety-one days after receipt of a notice of right to sue). Nevertheless, "[t]he timely-filing requirements of Title VII of the Civil Rights Act are non-jurisdictional and subject to equitable tolling." Stamper v. Duval Cnty. Sch. Bd., 863 F.3d 1336 (11th Cir. 2017) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1342 (11th Cir. 1999)). However, equitable tolling is an "extraordinary remedy which should be extended only sparingly." Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004). To qualify for equitable tolling, Plaintiff must show "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016) (quoting Menominee Indian Tribe of Wis., v. United States, — U.S. —, 136 S.Ct. 750, 755, 193 L.Ed.2d 652 (2016)); see also Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (Equitable tolling is appropriate when a movant untimely files because of extraordinary

5

circumstances that are both beyond [her] control and unavoidable even with diligence). Specifically, in the Title VII context, the Eleventh Circuit has recognized three situations in which equitable tolling may be appropriate: (1) when a state court action is pending; (2) when the defendant has concealed facts supporting a cause of action under Title VII; and (3) when the defendant misled the plaintiff about the nature of her rights under Title VII. Manning v. Carlin, 786 F.2d 1108, 1109 (11th Cir. 1986).

In this case, Plaintiff neither filed her Complaint within the applicable ninety-day limitations period nor has she met her burden to show entitlement to equitable tolling. In her Complaint, Plaintiff admits she received her EEOC right to sue letter on August 9, 2016. (Doc. 1-1, at 4). Therefore, Plaintiff's lawsuit against Defendant was due to be filed by November 7, 2016. Plaintiff, however, filed the instant suit on April 12, 2018, which is nearly eighteen months past Plaintiff's filing deadline. Additionally, Plaintiff has not shown nor provided allegations in her Complaint to suggest a justifiable grounds for equitable tolling of her filing requirement.

Although Plaintiff previously filed a complaint based on the same EEOC charge, the filing of an earlier complaint that has been dismissed without prejudice, by itself, does not provide a grounds for equitable tolling.[3] See Ciralsky v. C.I.A., 355 F.3d 661, 672 (D.C. Cir. 2004); accord Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) (writing that dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations); Justice v. United States, 6 F.3d

---

[3] Plaintiff's earlier complaint was also filed outside of the ninety-day period.

1474, 1478-79 (11th Cir. 1993) (stating general rule that filing of lawsuit later dismissed without prejudice does not automatically toll statute of limitations). Thus, even if Plaintiff's prior lawsuit was initiated within Title VII's ninety-day period and subsequently dismissed, the period is not preserved for subsequent lawsuits. Miller v. Georgia, 223 F. App'x 842, 845 (11th Cir. 2007) (dismissing pro se claims when plaintiff filed her initial complaint "well within the 90-day period, but after that complaint was dismissed for failure to perfect service, she filed her [second] complaint . . . clearly beyond the 90-day period"); see also Weldon v. Elec. Data Sys. Corp., 138 F. App'x 136, 138 (11th Cir. 2005) ("dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations.").

Here, the record indicates that Plaintiff filed her Complaint outside the limitations period, and her original complaint that was dismissed without prejudice did not toll her limitations period. Additionally, because Plaintiff failed to demonstrate that the "extraordinary remedy" of equitable tolling is warranted, Plaintiff's Title VII claims should be dismissed. See Justice, 6 F.3d at 1479 (explaining that courts, in their equitable capacity, will toll statutes of limitations, but only if the plaintiff establishes that such tolling is warranted and that there was an inequitable event that prevented the plaintiff's timely filing); see also, Potts v. S. Ry. Co., 524 F. Supp. 513, 514 (N.D. Ga. 1981) (dismissing with prejudice a pro se plaintiff's Title VII complaint that was filed one year after receiving his right to sue notice, even though the plaintiff had timely filed his right to sue notice with the court, because "[t]he record d[id] not contain one piece

of correspondence from plaintiff to explain his lengthy inaction" in filing the complaint itself). Based on the foregoing, this Court **RECOMMENDS** that this action be **DISMISSED**.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this  9   day of July, 2018.

>/s/ LINDA T. WALKER
>LINDA T. WALKER
>UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)